In the Matter of ABRAHAM ABEL ENKLEWITZ, an Attorney, Respondent.

First Department, October 31, 1924.

**Attorney and client — disciplinary proceedings — attorney disbarred for converting funds belonging to clients.**

Attorney at law is disbarred for converting to his own use moneys belonging to different clients which had been turned over to him for use in actions in which he appeared as an attorney.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York and the Bronx County Lawyers Association.

---

* Short title changed by Laws of 1921, chap. 134, amdg. § 1.— [REP.·

*Einar Chrystie*, for the Association of the Bar.

*Henry Waldman*, for the Bronx County Bar Association.

CLARKE, P. J.:

The respondent was admitted to practice as an attorney and counselor at law at the October, 1919, term of the Appellate Division of the First Department, and was practicing in said department at the time of the matters complained of. Charges of unprofessional conduct were presented by the Association of the Bar and shortly thereafter by the Bronx County Bar Association. Both proceedings were sent to an official referee and by consent were heard together. The respondent appeared before the referee and participated in the proceedings during the taking of the testimony for the petitioners on the first charge tried, but before the evidence was concluded abandoned the hearing, leaving his cross-examination of petitioner's witness unfinished, and did not further appear although notified on many occasions, nor did he appear or put in a brief upon the motion to confirm the referee's report.

The first charge was as follows: In April, 1921, some of the tenants of the premises No. 447 Claremont Parkway, Bronx, New York city, retained the respondent to act as their attorney in proceedings brought against them by their landlord in the Municipal Court of the City of New York. While acting for these tenants the respondent advised them that in order to secure a jury trial it would be necessary to deposit the sum of seventy-eight dollars with the clerk of the court, which sum would be returned to them in the event that the cases were disposed of without trial. Relying upon these representations made by the attorney, the tenants caused to be delivered to respondent the sum of seventy-eight dollars to be used solely for the purposes stated. Thereafter the proceedings pending in the Municipal Court were settled without a trial and the respondent withdrew from the office of the clerk of the court the sum of seventy-eight dollars, which he had deposited as above stated. He concealed from his clients the fact that he had withdrawn the money, and from time to time falsely stated to them that the money still remained on deposit with the clerk of the court. He converted to his own use the entire sum of seventy-eight dollars, which he withdrew from the clerk of the court, although he was not entitled to any part thereof except the sum of thirty dollars, the balance due him for his fee for services rendered.

It appears from the evidence that some twenty-eight tenants of the premises, as stated, retained the respondent to act as their attorney early in March, 1921, in proceedings brought against

them by their landlord; that the respondent agreed to take the case for fifty dollars, twenty dollars of which was paid to him on March 10, 1921. A tenants' committee was formed, and upon respondent's advice that jury trials would be advantageous they collected three dollars from each of twenty-six tenants, and the seventy-eight dollars thus collected was turned over to the respondent to be deposited with the clerk of the court. The documentary evidence shows that the respondent deposited but fifty-four dollars with the clerk, and that that amount was returned to respondent by the clerk in November, 1922, possibly excepting one disputed amount of three dollars. There is no denial by the respondent that the fifty-four dollars was never repaid by him to the tenants, although repeated demands were made therefor. The learned referee has found the respondent guilty of misconduct in his profession upon that charge, and the evidence fully justified said conclusion.

The second charge tried was as follows:

In January, 1922, the respondent was retained by one David Katzman to act as his attorney in an action which had been brought in the Municipal Court of the City of New York against him by one Lavososky to recover the sum of $650. Katzman informed the respondent that he owed the plaintiff in the action the sum of $200, and the respondent thereupon advised him that it would be necessary to deposit that amount, together with the additional sum of $25, in court and thereby prevent the recovery of costs in the action. Relying upon these representations, Katzman delivered to the respondent the sum of $225, to be used by him solely for the purpose of depositing the same as above stated. The respondent did not deposit any part of the moneys received from Katzman and converted the entire sum of $225 to his own use. He failed to appear in court or look after his client's interests with the result that a judgment by default in the sum of $650 was entered against Katzman, with costs, which amount Katzman was thereafter compelled to pay to the plaintiff in the action.

No formal answer was filed by the respondent to the charge above set forth. After the first witness of said charge had given her evidence in chief and had been cross-examined by the respondent an adjournment was taken at the request of the respondent to enable him to prepare his examination of the second witness and to procure his own witnesses. The respondent did not thereafter appear before the referee. Although adjournments were accorded to him and notification of each hearing thereafter was sent to him by registered mail, no appearance was made by or on behalf of respondent nor did he submit any brief or statement. The

charge was fully proved and the learned referee found him guilty thereof.

The third charge which was tried was as follows:

That in the year 1922 he was retained by one Barnet Rosen to institute summary proceedings for the removal from certain premises of one Rosie Singer, the said Rosen's daughter. At that time Rosen was indebted to his daughter in the sum of $500. After the institution of the summary proceedings, negotiations between Rosen and Mrs. Singer resulted in an arrangement whereby the said $500 would be deposited with some third person. The respondent being Rosen's attorney, it was agreed the said money was delivered to the respondent. As appears by the copy of the affidavit of said Barnet Rosen, no excuses or pretexts to refrain from returning the money to Rosen existed in May, 1923, but respondent, although repeated demands from Rosen for the return of said money had been personally made to him, failed up to the time of the complaint herein was made to return said money or any part thereof. Said Rosen a few days after he gave respondent the said $500 paid to him $25 for his services, which was the sum he demanded. At no time did he inform Rosen that he claimed a lien upon the money converted.

The learned referee reports that no formal answer was made by the respondent to the charge above set forth. Nor did he appear upon the hearing, although notified thereof as before related. Evidence was taken of the complaining witness Barnet Rosen and his daughter, who testified in substantial accord with the allegations set forth in the petition. The learned referee states in his report: " The respondent's total abandonment of the proceeding again rendered it unnecessary to further discuss the evidence, the petitioner having made out a *prima facie* case," and upon this charge found the respondent guilty of misconduct in his profession as charged.

The independent examination of the evidence by this court satisfies it that the charges were fully substantiated and that the respondent grossly betrayed the interests of his clients and without shadow of right or semblance of an excuse deliberately converted their funds, intrusted to him for specific purposes, to his own use. It follows, as a matter of course, that such conduct establishes that he is utterly unfit to continue in practice as an attorney and counselor at law. He is, therefore, disbarred.

Present — DOWLING, FINCH, McAVOY and MARTIN, JJ., concur.

Respondent disbarred; settle order on notice.